UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LETITIA MALKMUS, et al.,

        Plaintiffs,

        v.                               Case No. 11-C-365

DEPUY ORTHOPAEDICS INC. et al.,

        Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

**PROCEDURAL HISTORY**

The present action began when Letitia Malkmus and her husband Glen filed suit in Kenosha County Circuit Court against DePuy Orthopaedics, Inc. ("DePuy") and TRP & Associates, LLC ("TRP") alleging injuries resulting from a hip-replacement manufactured by Depuy and distributed by TRP that Letitia Malkmus received on March 25, 2009. (Docket No. 1-1.) On April 15, 2011, all defendants removed the present action to federal court despite the fact that TRP is a Wisconsin company, thereby precluding removal. The defendants, however, allege that defendant TRP was fraudulently joined and therefore diversity jurisdiction exists. (Docket No. 1.) At this same time, the defendants sought to stay the proceedings in this district pending transfer to the Northern District of Ohio where the case would become part of a multi-district litigation case ("MDL") involving more than 600 similar actions regarding the hip implant system manufactured by DePuy, which is at issue in this case. (Docket No. 3 (citing MDL-2197: In re DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation..))

On April 20, 2011, the plaintiffs filed a motion to remand this case to Kenosha County Circuit Court on the basis that complete diversity of citizenship does not exist. (Docket No. 5.) The pleadings on these motions are closed and the matters are ready for resolution. All parties have previously consented to the full jurisdiction of a magistrate judge. (Docket Nos. 17, 21.)

**MOTION TO REMAND**

A federal court has jurisdiction on the basis of diversity under 28 U.S.C. § 1332 only if there is complete diversity, meaning that all defendants are citizens of a different state than the plaintiffs. Schur v. L.A. Weight Loss Ctrs., Inc., 577 F.3d 752 (7th Cir. 2009). The parties agree that TRP is a citizen of Wisconsin and thus, despite the fact that the amount in controversy exceeds $75,000.00, this court ordinarily would lack jurisdiction in this matter.

However, a plaintiff cannot avoid removal to federal court simply by joining an uninvolved non-diverse party. Under what has come to be called the "fraudulent joinder" doctrine, if there is not "any reasonable possibility" that the plaintiff could prevail against the non-diverse defendant (id. at 764 (quoting Poulos v. Naas Foods, Inc., 959 F.2d 69 (7th Cir. 1992)), a federal court may assume jurisdiction over a non-diverse party, dismiss that party, and then proceed with the case, id. at 763; Walton v. Bayer Corp., 2011 U.S. App. LEXIS 10341, 9 (7th Cir. Ill. May 23, 2011).

"Fraudulent joinder is difficult to establish." Schur, at 764. "A defendant faces a 'heavy burden' to demonstrate that the joinder is fraudulent, and some courts, including district courts within this circuit, have suggested that the burden is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Id. (citing, in part, Rutherford v. Merck & Co., 428 F. Supp. 2d 842, 847 (S.D. Ill. 2006)) (internal citation omitted). In order for a court to retain jurisdiction, the court must conclude that the claim against the non-diverse party has "no possible merit" and is "utterly groundless." Walton, 2011 U.S. App. LEXIS 10341, 9.

As an alternative to denying the plaintiffs' motion to remand, the defendants request that the court withhold resolution and instead conditionally transfer this matter to the MDL court to permit this issue to be considered by that judge. (Docket No. 19 at 2-3.) Despite the fact that the defendants indicate that other courts have followed this approach when dealing with similar issues, (Docket No. 19 at 2-3), this court declines to do so.

Although raising the issue of fraudulent joinder might be common in similar actions related to this allegedly defective artificial hip, the resolution of the pending motion for remand depends distinctly upon an interpretation of Wisconsin law. A district court in Wisconsin is generally better equipped to address questions of Wisconsin law than a court in Ohio and as such, the court concludes that conditionally transferring this case to the MDL court would likely result in an unnecessary delay of the plaintiffs' case without leading to a more efficient resolution of the pending motion. One way or another, a federal court is going to have to consider Wisconsin law and decide how it applies to the plaintiffs' case; in the view of this court, it makes the most sense for that burden to be borne by this court rather than kicking the can down the road.

The defendants contend that TRP was fraudulently joined to the present action because the plaintiffs have no reasonable possibility of prevailing in their claims against TRP. Therefore, the defendants seek dismissal of TRP.

Plaintiffs allege three causes of action against TRP: (1) negligence; (2) strict liability; and (3) misrepresentation. (Docket No. 1-1 at 15-20.) The parties' briefs focus upon plaintiffs' strict liability claim. Wisconsin follows the doctrine of strict liability set forth in § 402A of the Restatement (Second) of Torts whereby "manufacturers, distributors and sellers--those who place or maintain the product in the stream of commerce," assume liability for the harm caused by defective products. Geboy v. Trl Inc., 159 F.3d 993, 997 (7th Cir. 1998) (citing Dippel v. Sciano, 37 Wis. 2d

3

443, 155 N.W.2d 55 (1967); quoting St. Clare Hosp. of Monroe, Wisconsin v. Schmidt, Garden, Erickson, Inc., 148 Wis. 2d 750, 437 N.W.2d 228, 231 (Ct. App. 1989)),

> To recover under strict liability, five conditions must be satisfied: (1) the product was in defective condition when it left the possession or control of the seller; (2) the product was unreasonably dangerous to the user or the consumer; (3) the defect was the cause, or a substantial factor, of the plaintiff's injuries or damages; (4) the seller was engaged in the business of selling such a product; and (5) the seller expected the product to reach the consumer or user, and it did reach the user, without substantial change in the condition of the product when it was sold.

Geboy, 159 F.3d at 997 (citing Dippel, 37 Wis. 2d 443, 155 N.W.2d at 63).

TRP contends that under Wisconsin law it was not a "seller" of the artificial hip at issue, and thus the plaintiffs' strict liability claim must fail. (Docket No. 19 at 7-9.) Not every entity involved in the distribution of a product is strictly liable should that product prove defective. Geboy, 159 F.3d at 998. However, the Wisconsin Court of Appeals held that a distributor who had only minimal contact with an allegedly defective skylight was not entitled to summary judgment on the plaintiff's strict liability claim because it was the only company in the area selling the skylight, it was the representative for the skylight manufacturer, it sold the skylights on a commission basis, it familiarized itself with the skylights to be able to better market them, it routinely contacted architects to include the product in their designs, and its name was stamped on brochures advertising the skylight indicating that it was the distributor. Sedbrook v. Zimmerman Design Group, 190 Wis. 2d 14, 30, 526 N.W.2d 758 (Ct. App. 1994).

Based upon the facts presented to the court, most notably in the declaration of Todd Peterson, (Docket No. 1-2), the plaintiffs' complaint, (Docket No. 1-1), and the additional information contained in the parties' submissions regarding the plaintiffs' motion for remand, the court is unable to conclude that the defendants have satisfied their heavy burden to show that plaintiffs lack any reasonable possibility of prevailing against TRP.

4

The record presented to this court demonstrates that TRP was at least as involved in the distribution of the allegedly defective product as was the distributor at issue in Sedbrook. Filings with the court allege that TRP was the exclusive distributor of DePuy's prosthetic devices in Wisconsin, (Docket No. 6 at 2), it failed to disclose that the product was prone to significant problems, (Docket No. 6 at 2), it delivered the product to Letitia Malkmus' surgeon in a sealed package, (Docket No. 1-2 at ¶6), and TRP's sales representative was present during both of her surgeries, (Docket No. 6 at 10). If plaintiffs are able to prove these allegations at trial, in addition to the other elements of a strict liability claim that are not at issue in the present motion, plaintiffs could possibly prevail in their claim against TRP. Therefore, the court concludes TRP was not fraudulently joined and therefore this court lacks jurisdiction in this matter. Accordingly, the court shall grant the plaintiffs' motion for remand.

Having concluded that this court lacks jurisdiction in this matter, the defendants' motion to stay the proceedings pending transfer, (Docket No. 3), is moot.

Finally, there is the matter of the plaintiffs' motion for costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c) for expenses related to seeking remand. (Docket No. 6 at 17-18.) Defendants contend that this relief should be denied because they had "an objectively reasonable basis for seeking removal." (Docket No. 19 at 13 (citing Wolf v. Kennelly, 574 F.3d 406, 411 (7th Cir. 2009)).) Borrowing the standard from qualified immunity jurisprudence the Seventh Circuit has held that awarding attorneys' fees is appropriate only "if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal." Wolf, 574 F.3d at 411 (quoting Lott v. Pfizer, Inc., 492 F.3d 789 (7th Cir. 2007)).

The court does not find that the defendants' removal was objectively unreasonable and therefore declines to award the plaintiffs' attorneys fees related to their motion for remand.

5

**IT IS THEREFORE ORDERED** that the plaintiffs' motion for remand, (Docket No. 5), is **granted** and this matter is hereby **remanded** to Kenosha County Circuit Court.

Dated at Milwaukee, Wisconsin this 13th day of June, 2011.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
